IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TROY L. BROOKS-BEY, #244203  *<br>       Plaintiff | |
|     v.                      * | CIVIL ACTION NO. CCB-06-139 |
| JOE KRUMPACH, et al.        * | |
|        Defendants. | |

***

**MEMORANDUM**

On January 17, 2006, plaintiff, an inmate at the Jessup Pre-Release Unit ("JPRU"), filed this 42 U.S.C. § 1983 civil rights action for injunctive and compensatory relief against pre-release prison administrators, officers, and classification personnel. He alleges that on or about October 28, 2005, he was removed from his job on the Maryland House of Correction boiler room work detail based on false charges leveled by Captain Daughtery concerning his involvement in contraband tobacco trade. Paper No. 1. Plaintiff asserts that: letters sent to the Facility Administrator and Warden went unanswered; his initial grievances were administratively dismissed; and his pending grievance has been referred to the Facility Administrator for investigation. *Id*. Plaintiff claims that he was informed that he has not been allowed back to work because of an ongoing investigation into the discovery of four pounds of tobacco and an anonymous note which indicated that the tobacco was his. *Id*.

The gravamen of plaintiff's complaint is that he was removed from his job and is not allowed to earn work credits, even though he has not received an infraction and been found guilty of any wrong doing. He argues that his job was taken away from him without due process based upon a "personal vendetta" and slanderous conduct on the part of Captain Daughtery.

Because he appears indigent, plaintiff's motion to proceed in forma pauperis shall be granted. *See* 28 U.S.C. § 1915(a). His complaint, however, shall be summarily dismissed.

There is no constitutionally mandated right to work while confined in a penal institution. *See Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978).[1] In addition, prisoners have no inherent due process right in having access to work opportunities or to an award of industrial work credits while incarcerated. In short, prison inmates have no liberty interest in reducing their sentences by earning various diminution credits. *See Sandin v. Conner*, 515 U.S. 472, 483-486 (1995). Because plaintiff has no constitutional right to a prison job or to earn industrial work credits, his complaint fails to state a claim on which relief may be granted.

For the aforementioned reasons, a separate Order shall be entered, dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).[2] Plaintiff is hereby notified that he may be barred from

---

[1] *See also Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program); *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir.1987) (inmates have no constitutional right to be assigned to a particular job); *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir.1986) (the Constitution does not create a property interest in prison employment); *Adams v. James*, 784 F.2d 1077, 1079 (11th Cir. 1986) ( assignment to job as law clerk does not invest inmate with a property interest in continuation as such); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) ( prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection).

[2] § 1915(e)(2) states that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal--
> > (i)  is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

2

filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e).[2]


Date:   January 25, 2006                              /s/
                                          Catherine C. Blake
                                          United States District Judge

---

[2]     § 1915(g) provides that:

  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

  Once three such dismissals have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.